Case 4:05-cv-00231-RAS   Document 15   Filed 09/19/05   Pag

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER SMITHERMAN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-231 |
| | § | |
| UNITED PARCEL SERVICE, INC., and | § | |
| GREGORY ANDERSON, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

Now before the court is Plaintiffs' Motion to Remand, filed July 14, 2005. Defendant United Parcel Service, Inc. (UPS) filed a Response to Plaintiffs' Motion on July 29, 2005. After a thorough review of the evidence, parties' pleadings, and the applicable law, the court GRANTS Plaintiffs' Motion to Remand.

**I.      Background**

UPS removed this suit from the 59th Judicial District Court of Grayson County, Texas on June 15, 2005. Notice of Removal at 1. Claiming UPS's removal defective due to, *inter alia*, an absence of subject matter jurisdiction in this court, Plaintiffs Jennifer Smitherman and Larry and Kim Paschal, as Next Friends for Whitney Paschal, now move to remand this suit back to state court. Pls.' Mot. to Remand at 3. Because the court likewise finds the issue of subject matter jurisdiction dispositive, the underlying facts are tailored accordingly.[1]

---

[1] While UPS predicated removal on federal question and diversity jurisdiction, the court limits its analysis to the former, as the absence of complete diversity is patently clear from the face of the pleadings. *See* Pls.' Mot. to Remand at 4 (showing that Defendant Gregory Anderson is, like Plaintiffs, a citizen of Texas).

Plaintiffs initiated this suit in Texas state court on March 23, 2005. Pls.' Mot. to Remand at 1. Plaintiffs base their suit on allegations that Defendant Anderson, a deliveryman for UPS at the time, sexually and verbally assaulted them while he was delivering packages to their places of work. Pls.' First Am. Original Pet. at 3-4. Plaintiffs' First Amended Original Complaint consequently asserts claims against Defendant Anderson for assault and intentional infliction of emotional distress and against Defendant UPS for negligence and, as a derivative claim, for liability under the doctrine of respondeat superior. *Id*. at 3-5. While Plaintiffs' claims against UPS arise under Texas law, UPS asserts that removal was proper because Plaintiffs' negligence claims against it are preempted by section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Notice of Removal at 1. In this regard, UPS asserts that Plaintiffs' claims "require and depend upon analysis, interpretation, and application" of the collective-bargaining agreement (CBA) that governs UPS's employment relationship with Anderson. *Id*. at 2.

## II.   Subject Matter Jurisdiction

It is a settled axiom in our constitutional system that federal courts are courts of limited jurisdiction. CHARLES ALAN WRIGHT & MARY KAY KANE, LAW OF FEDERAL COURTS § 7 (6th ed. 2002). With certain exceptions not relevant here, they are empowered to hear only those cases that arise under federal law or involve a dispute between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Because UPS predicates jurisdiction in the instant case on the former ground, it bears the burden of demonstrating that this case arises under the laws of the United States. *See Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000); 28 U.S.C. § 1331.

As a general rule, the presence or absence of federal question jurisdiction is governed by the

"well-pleaded complaint" rule. Under this rule, a case does not "arise under" the laws of the United States unless a federal question is present on the face of a plaintiff's properly pleaded complaint. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983). A defendant is accordingly prohibited from invoking jurisdiction under 28 U.S.C. § 1331 by asserting a federal defense, including the defense of preemption, unless a federal question exists independently on the face of the plaintiff's complaint. *See id*. at 12.

While federal courts are reluctant to recognize exceptions to the well-pleaded complaint rule, the Supreme Court has acknowledged the existence of an "independent corollary" to the rule that operates as such. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). This independent corollary is known as the "complete preemption" doctrine. *Id*. Under the complete preemption doctrine, a defendant may invoke the federal question jurisdiction of a district court on the basis of a defense of preemption if the preemptive force of the pertinent federal statute is "so 'extraordinary' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

**III.   Discussion**

Because the only reasonable basis for subject matter jurisdiction in the instant case is UPS's preemption defense, it is clear that the disposition of Plaintiffs' Motion to Remand turns entirely on the operation of the complete preemption doctrine. Since the Supreme Court's decision in *Avco Corp. v. Areo Lodge No. 735 International Association of Machinists and Aerospace Workers*, 390 U.S. 557 (1968), courts have recognized that the preemptive effect of § 301 is so extraordinary that, in certain situations, it may convert a state law claim into a federal claim for the purpose of the well-

pleaded complaint rule and thus federal question jurisdiction. *See, e.g.*, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988); *Caterpillar, Inc.*, 463 U.S. 386; *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Areospace Workers*, 390 U.S. 557 (1968). For § 301's preemptive powers to operate as such, however, one of two things must be shown - either that the decision on the state claim is inextricably intertwined with the terms of a labor contract or that the application of state law to a dispute requires interpretation of a collective-bargaining agreement. *See Thomas v. LTV Corp.*, 39 F.3d 611, 616-17 (5th Cir. 1994) (citing *Lingle*, 486 U.S. at 406-407 and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

In the instant case, contrary to UPS's assertions, the court finds that Plaintiffs' claims against UPS are not preempted by § 301 of the LMRA because resolution of their claims does not require an interpretation of the CBA proffered by UPS. For Plaintiffs to prevail on their claims of negligence against UPS for the hiring, training, supervising and retaining of Anderson, they must prove that: (1) Anderson was an employee of UPS; (2) UPS owed Plaintiffs a legal duty because it knew or should have known of Anderson's alleged propensities; (3) UPS breached that duty; and that (4) damages proximately resulted from that breach. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). In addition, for Plaintiffs to prevail on their respondeat superior claims against UPS, they must demonstrate that Anderson was acting in the scope of his employment. *See, e.g., Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). While it is of course true, as UPS asserts, that the CBA governs certain aspects of Anderson's employment at UPS, the court does not believe that any of the terms contained therein would be implicated in the course of Plaintiffs' demonstration of these elements. The court accordingly finds that Plaintiffs' state causes of action against UPS are not preempted by § 301 of the LMRA.

**IV.     Conclusion**

Because the findings contained herein eliminate any basis for subject matter jurisdiction in the instant case, the court is obligated, pursuant to 28 U.S.C. § 1447(c), to remand this case to the court from which it was removed.  Plaintiffs' Motion to Remand is thus GRANTED.  It is ORDERED that the present suit is hereby remanded to the 59th Judicial District Court of Grayson County, Texas.

**SIGNED this the 16th day of September, 2005.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE